Earl OXFORD, Tommy Lee, and Tom Tinsley *v.* Jim PERRY,
David Harper, Frank Atkinson, and Marcy Porter, In Their
Official Capacities As Assessor, County Judge, Collector, and
Treasurer for Sebastian County, Arkansas; County of Sebastian,
Arkansas; Charlie Daniels, In His Official Capacity As Arkansas
Land Commissioner; and Jimmie Lou Fisher, Arkansas State
Treasurer; Sebastian County Library Board; Greenwood School
District; Hackett School District; Hartford School District;
Lavaca School District; Charleston School District; Mansfield
School District; Booneville School District; Westark Community
College; City of Barling, Arkansas; City of Greenwood, Arkansas

99-1141                                    13 S.W.3d 567

Supreme Court of Arkansas
Opinion delivered March 9, 2000

*Oscar Stilley*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.* and *John C. Riedel*, Deputy Prosecuting Att'y, for appellees Jim Perry, David Harper, Frank Atkinson, and Marcy Porter, and Greenwood School District, Hackett School District, Hartford School District, Lavaca School District and Booneville School District.

*Smith, Maurras, Cohen, Redd, & Horan, PLC*, by: *S. Walter Maurras* and *Matthew Horan*, for appellee Westark College.

W H. "DUB" ARNOLD, Chief Justice. This case presents an appeal from a decision of the Sebastian County Circuit

Court, Greenwood District, granting summary judgment in favor of all appellees and dismissing appellants' claims with prejudice. The underlying lawsuit involved an alleged illegal exaction and sought recovery of real-property tax payments assessed for 1996. Notably, appellants also alleged that the lawsuit constituted a *refiling* of a previous chancery suit, filed on March 11, 1997, in the Fort Smith District of Sebastian County ("*Oxford I*"). In support of the circuit court's decision dismissing the instant case, appellees contend that (1) the circuit-court case cannot relate back to *Oxford I*, and (2) appellants' claims are barred by the voluntary-payment rule. We agree, and we affirm the circuit court's grant of summary judgment.

Appellant Earl Oxford is, and was at all times relevant to this action, a citizen of the Greenwood District of Sebastian County, Arkansas. Accordingly, on October 9, 1997, Oxford paid his 1996 real-property taxes to the Greenwood District. Similarly, appellants Tommy Lee and Tom Tinsley are, and have been at all relevant times, citizens of the Greenwood District. Tommy Lee paid his 1996 real-property taxes to the Greenwood District on October 6, 1997, and Tom Tinsley paid his taxes to the Greenwood District on October 10, 1997. Significantly, none of the appellants paid real-property taxes in the Fort Smith District of Sebastian County for 1996. Moreover, appellants do not contend that their tax payments were coerced.

Although we disagree that this case *arose* from *Oxford I*, (or from any other previous case filed on the same claim with different parties in a different court), we believe it necessary to review the history of *Oxford I* to distinguish the instant case. First, appellant Earl Oxford was also the plaintiff in *Oxford I*. However, appellants Tommy Lee and Tom Tinsley were not parties in that case. Second, the chancery court dismissed *Oxford I* because the plaintiff's complaint failed to state facts upon which relief could be granted and because the court lacked proper venue. Third, prior to the chancery court's dismissal but on the day set for hearing the motions for dismissal, plaintiff's attorney, Mr. Oscar Stilley, (also appellants' attorney), attempted to amend the *Oxford I* complaint by adding additional Fort Smith district plaintiffs to cure the venue problem. The chancellor refused to accept the amended complaint or any other pleading. Fourth, and most importantly, plaintiff Oxford took no appeal from the *Oxford I* decision.

Ultimately, the chancellor in *Oxford I* determined that venue was improper because the plaintiff's residence in the Greenwood District of Sebastian County placed him in a different judicial jurisdiction than the Fort Smith district. Sebastian County is a dual-jurisdiction county, divided into the Fort Smith District, made up of the City of Fort Smith, and the Greenwood District, comprised of the remainder of the County. Each judicial district has its own courthouse and is a separate taxing entity. *See* Ark. Const. art. 13, § 5. Significantly, the two districts are treated as separate counties for purposes of determining venue. *See Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992). Venue for an action against public officers must be brought in the county where the cause arose, Ark. Code Ann. § 16-60-102 (1987), and venue is not transitory but local. Therefore, Oxford could not challenge his Greenwood District taxes by filing suit against officials in the Fort Smith District.

Rather than appealing the chancery court's ruling in *Oxford I*, Earl Oxford and two new plaintiffs, Lee and Tinsley, filed the instant action in the Sebastian County Circuit Court, Greenwood District, claiming that the action constituted a *refiling* of *Oxford I*. The circuit court disagreed and concluded that *Oxford I* was not a predecessor action to the current action. In fact, the circuit court reasoned that the chancery court never had jurisdiction over the original claim because Oxford was not a citizen of, and did not pay taxes to, the Fort Smith district. Also, the court determined that the statute of limitations was not tolled because the plaintiffs were different in the two cases.

Moreover, because all of the appellants paid the challenged 1996 taxes prior to filing their lawsuit on March 19, 1999, the circuit court found that those payments were voluntary. We have held that taxes paid after a complaint is filed are deemed involuntary and recoverable. *See Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998). Consequently, the circuit court dismissed appellants' claims based upon the longstanding rule that voluntary payment of taxes is a bar to recovery, even when an illegal-exaction claim is based on constitutional grounds. *See Mertz v. Pappas*, 320 Ark. 368, 896 S.W.2d 593 (1995); *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982).

From the circuit court's order granting summary judgment in favor of appellees comes the instant appeal. Essentially, appellants suggest that they may benefit from an unappealed and dismissed chancery lawsuit, *Oxford I*, by (1) filing a new action on the same *claim* in circuit court, (2) arguing that the chancery court erred by dismissing *Oxford I*, (3) and appealing the circuit court's decision to this court. We find no merit in appellants' arguments, and we affirm.

## I. Standard of review

Although appellants' vehemently challenge the correctness of the chancery court's decision dismissing *Oxford I*, the sole issue properly before us on appeal is whether the circuit court erred by granting summary judgment in favor of appellees. Appellants' confusion of the issues on appeal is made apparent by its erroneous discussion of the proper standard of review. They contend that we should apply the standard of review applicable to appeals from chancery decisions. However, as appellees correctly point out, this is not an appeal from any decision of a chancery court. Rather, this appeal arises from a decision of the Sebastian County Circuit Court, Greenwood District, granting appellees summary judgment.

In reviewing summary-judgment cases, this court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. The moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (1999); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 453, 966 S.W.2d 241, 243 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof

with proof by showing a material issue of fact. *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992). However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Collyard v. American Home Ins. Co.*, 271 Ark. 228, 230, 607 S.W.2d 666, 668 (1980).

## II. *Voluntary-payment rule*

■ In an effort to avoid application of the voluntary-payment rule, appellants attempt to bootstrap this action to *Oxford I*. However, *Oxford I* was not appealed and when dismissed, the action was completed, the results were binding on the parties, and the lawsuit is treated as having never been brought. *See Austin v. Austin*, 241 Ark. 634, 409 S.W.2d 833 (1966). Therefore, appellants cannot revisit the chancery decision in this appeal. Accordingly, we disregard all of appellants' arguments relating to the propriety of a chancery court's decision in an unrelated case.

■■ Here, the circuit court granted summary judgment on the basis of the voluntary-payment rule. The reasoning underlying the common-law rule is that governmental entities budget annually and ordinarily spend revenues within each tax year. When the government is on notice that it may be required to refund those taxes, it can make allowance for a possible refund. *See Mertz v. Pappas*, 320 Ark. 368, 896 S.W.2d 593 (1995) (citing *Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d at 578 (1995)). However, if the governmental entity allowed refunds for taxes voluntarily paid in previous years, current and future funds might be required to make the refund and governmental operations would be jeopardized. *Id.* In the instant case, each of the appellants paid their real-property taxes prior to filing the circuit-court action on March 19, 1999. Therefore, the circuit court's grant of summary judgment was appropriate.

■ Finally, appellants argue that the savings statute, Ark. Code Ann. § 16-56-126 (1987), effectually revived the dismissed and unappealed chancery action into the circuit-court case. The savings statute extends the time for a plaintiff to correct a dismissal without prejudice when the statute-of-limitations would otherwise

bar the suit. Here, however, the appellants' argument is entirely unsupported by the facts and the law. Appellants made no argument that any statute-of-limitation period has run with regard to the chancery proceeding and cite no authority for applying the savings statute under the instant facts.

In sum, we conclude that appellants may not maintain a claim for past taxes voluntarily paid, and they may not avoid that fact by resurrecting a previously decided and unappealed case from another court. Viewed in the light most favorable to appellants and resolving any doubts against appellees, we affirm the circuit court's grant of summary judgment because the challenged taxes were voluntarily paid before the instant suit was filed.