2009 Ark. 629

Jimmy RETTIG, Appellant,

v.

Alton BALLARD, Individually and as an Agent/Employee of Mississippi Coast Carriers and Mississippi Coast Carriers, Inc., Appellees.

No. 09–361.

Supreme Court of Arkansas.

Dec. 17, 2009.

Rehearing Denied Jan. 21, 2010.

Law Office of Peter A. Miller, by: Peter A Miller and Robert L. Scull, Little Rock, and Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, Greenbriar, for appellant.

Bassett Law Firm LLP, by: Dale W. Brown, Fayetteville, for appellees.

JIM HANNAH, Chief Justice.

⎿Jimmy Rettig appeals a Pulaski County Circuit Court order dismissing his complaint with prejudice. The circuit court found that dismissal was required because Rettig failed to serve a complaint and valid summons within the 120 days allowed by Arkansas Rule of Civil Procedure 4(i). Further, because the statute of limitations had expired by the time appellees Alton Ballard and Mississippi Coast Carrier filed their motion to dismiss, the circuit court dismissed the action with prejudice. Rettig argues that the circuit court erred in finding that the service of a complaint and defective summons failed to trigger the Arkansas savings statute and protect him from expiration of the statute of limitations. We agree. We assumed jurisdiction of this case because it concerns a significant issue needing clarification. *See* Ark. Sup.Ct. R. 1–2(b)(5).

⎿On February 11, 2005, Rettig was involved in a traffic accident with a truck owned by Mississippi Coast Carrier and driven by Ballard. According to Rettig, his vehicle was rear-ended. On January 23, 2008, Rettig filed a complaint in circuit court. Two summonses were issued on February 22, 2008, and February 29, 2008, respectively. Both summonses incorrectly informed the defendants that a pleading

responsive to the complaint had to be filed within twenty days from the date of service, despite the fact that as out-of-state defendants, Mississippi Coast Carrier and Ballard, would have thirty days within which to respond. A summons and complaint were timely served on each defendant by registered mail addressed to them in Tennessee.

Appellees filed a motion to dismiss, arguing that the summonses were defective, rendering the case subject to dismissal under Arkansas Rule of Civil Procedure 4(b). Appellees further argued that because the statute of limitations had run, the complaint had to be dismissed with prejudice. Rettig moved to amend his summonses; however, this motion was not filed within the 120 days permitted by Arkansas Rule of Civil Procedure 4(i). On that basis, the circuit court found that it was without jurisdiction to hear the motion to amend the summonses. It further found that the summonses were defective in failing to inform defendants they had thirty days within which to file a responsive pleading, and that this meant no action was ever commenced for purposes of the savings statute. Because the statute of limitations ran in the meantime, the circuit court dismissed the action with prejudice.

Rettig argues that the circuit court erred in denying him the benefit of the savings statute. The savings statute is currently codified in Arkansas Code Annotated section 16–56–126 (Repl.2005), and provides, relevant to this case, that if an action is "commenced" within the applicable statute of limitations period, and the plaintiff suffers a nonsuit,[1] a new suit may be "commenced" within one year from the date of the dismissal.

It is settled law that, being in derogation of the common law, statutory service requirements are strictly construed and compliance must be exact. *Jones v. Turner*, 2009 Ark. 545, at 3–4, 354 S.W.3d 57, 59. This court construes its rules in the same manner. *Id.* Arkansas Rule of Civil Procedure 12(a) provides that a defendant not residing in this state "shall file an answer within 30 days after service." Arkansas Rule of Civil Procedure 4(b) requires a summons to state "the time within which these rules require the defendant to appear, file a pleading, and defend." Strictly construing Rule 4(b), the summonses in the present case were defective in that they indicated that the defendant had twenty days to respond. *See Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 306 S.W.3d 428; *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003).

We note that savings statutes are remedial in nature. *Linder v. Howard*, 296 Ark. 414, 417, 757 S.W.2d 549, 551 (1988). The savings statute reflects the General Assembly's "intent to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect." *Id.* at 418, 757 S.W.2d at 551. "The savings statute extends the time for a plaintiff to correct a dismissal without prejudice when the statute of limitations would otherwise bar the suit." *Oxford v. Perry*, 340 Ark. 577, 582, 13 S.W.3d 567, 570 (2000). It applies where "the original statute of limitations period expires in the interim between the filing of the complaint and the time at which either a nonsuit is entered or the judgment is reversed or arrested." *Elzea v. Perry*, 340 Ark. 588, 592, 12 S.W.3d 213, 216 (2000).

---

1. This court has held that for purposes of the savings statute, a dismissal is the same as a nonsuit. *Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 128, 747 S.W.2d 93, 94 (1988).

The savings statute provides that before the statute applies, an action must have been commenced. Ark.Code Ann. § 16–56–126(a). For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective), is completed within the 120–day period required by Rule 4(i):

> In sum, to toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute. Our interpretation of § 16–56–126 meets with the liberal and equitable construction which must be given it in order to give litigants a reasonable time to renew their cause of action when they are compelled to abandon it as a result of their own act or the court's.

*Forrest City Mach. Works, Inc. v. Lyons,* 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993); *see also Thomson v. Zufari,* 325 Ark. 208, 209, 924 S.W.2d 796, 797 (1996) "( [T]o toll the limitations period to invoke the one-year savings statute … a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. Even where a court later finds the plaintiff's timely completed service was invalid, the plaintiff is not debarred from benefitting from the one-year savings statute."). We note that the appellees argue the savings statute is inapplicable because the summons was flawed. For this argument, they rely on David Newbern & John J. Watkins, 2 *Arkansas Practice*

*Series: Civil Practice and Procedure* § 5.9 (4th ed.2006) where the treatise provides that, "[s]ervice of a flawed summons does not commence an action." Appellees misread the treatise. The quoted statement is found in section 5.9 which concerns "Commencement of action." This section discusses when an action is commenced generally; however, section 5.10 of the treatise is the relevant section and concerns the "Savings statute." Section 5.10 correctly provides that the savings statute permits a plaintiff to "commence a new action," and that the savings statute applies if a "timely, completed attempt at service is made but later held to be invalid." Newbern & Watkins, 2 *Arkansas Practice Series: Civil Practice and Procedure* § 5.10 (4th ed.2006). The savings statute permits a new commencement of the action, in other words an opportunity to correct a dismissal without prejudice by timely service of valid process when the statute of limitations would otherwise bar the suit.

In the case before us, the complaint was filed before the three-year statute of limitations period expired. *See* Ark. Code Ann. § 16–56–105 (Repl.2005). Service of the complaint and defective summonses was made on defendants within the 120 days allowed under Rule 4(i).[2] Thus, while the summonses were defective, the action was commenced for purposes of the savings statute because the statute protects those who in good faith file and timely serve an action who would otherwise suffer a complete loss of relief on the merits due to a procedural defect, in this case in the language contained in the summonses. *See Smith,* 353 Ark. 701, 711, 120

---

**2.** We note that the parties argue about Rettig's attempt to file a motion to amend the summonses. Because the motion was not filed within the 120 period from the date the complaint was filed as required by Arkansas Rule of Civil Procedure 4(i), it was untimely and of no effect. However, we need not address the issue on appeal because it does not alter our decision.

S.W.3d 525, 531 (2003) (summonses, among other defects, stated an out-of-state defendant had twenty days within which to respond to the complaint rather than thirty days). In *Smith,* the court noted Smith's argument that having timely served the complaint and defective summons, she had commenced the action for purposes of tolling the statute of limitations or invoking the savings statute. The court then stated that, "[w]hile the assertion may be accurate, it is not dispositive." *Smith,* 353 Ark. at 711, 120 S.W.3d at 531. We take this opportunity to clarify this statement. In *Smith,* the appeal concerned a complaint that had been dismissed twice. That altered the outcome as to defendant Moncrief due to the application of Arkansas Rule of Civil Procedure 41. Although under Rule 4(i), a failure to serve valid process within the 120–day period results in a mandatory dismissal without prejudice, Rule 41 may intercede and require that a dismissal be entered with prejudice. In *Smith,* the dismissal was the second dismissal as to defendant Moncrief, and Rule 41 required that the dismissal be entered with prejudice. However, the dismissal was only the first dismissal as to defendant Sherwood; therefore, Rule 41 had no application, and the circuit court erred in failing to follow Rule 4(i) and enter the dismissal against Sherwood without prejudice.[3] *Smith,* 353 Ark. at 712, 120 S.W.3d at 532.

 In the present case, the dismissal at issue was the first dismissal. The case was correctly dismissed for failure to comply with the requirement that valid service of process be completed within 120 days. *See* Ark. R. Civ. P. 4(i). Where a summons misstates the time within which an out-of-state defendant must respond to a complaint, dismissal of the complaint without prejudice is mandatory under Rule 4(i). *Trusclair,* 2009 Ark. 203, at 6, 306 S.W.3d 428, 431.[4] Thus, in this case the complaint had to be dismissed, but the circuit court erred in dismissing it with prejudice. Because the complaint was timely filed and the complaint and summons, though defective, were timely served, the savings statute applies.

Reversed and remanded.

IMBER, J., not participating.

---

3. We note that this analysis applied only to Smith's contract claims because her fraud claims were barred by the statute of limitations before it was refiled and then amended to add Sherwood; therefore, the dismissal as to the fraud claims was properly entered with prejudice. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.,* 353 Ark. 701, 713, 120 S.W.3d 525, 533 (2003).

4. We note that while dismissal without prejudice of the complaint due to a defective summons was mandatory in *Trusclair v. McGowan Working Partners,* 2009 Ark. 203, at 6, 306 S.W.3d 428, 431, the case was dismissed with prejudice under Arkansas Rule of Civil Procedure 41 because it was the second dismissal.