DAVID M. GLOVER, Judge
On December 12, 2015, appellant Kent McCoy filed a medical-malpractice action against appellee doctors Ronald Robertson, Mario Rueda, Christopher Fowler, and Mary Katherine Kimbrough (collectively "the doctors"), nurses Courtney Owen and Kristin Papan ("the nurses"), John Does 1-3, and Jane Does 1-3, asserting that on April 20, 2014, while under their care, he sustained injuries due to an undiagnosed epidural hematoma, resulting in paralysis. Pursuant to the doctors' motion, the Pulaski County Circuit Court granted dismissal of the action in an order filed April 21, 2017, due to McCoy's failure to properly serve the doctors with a copy of the complaint and summons within 120 days; the dismissal was with prejudice because *35 the two-year statute of limitations applicable to medical-malpractice actions had expired.[1] The issues on appeal are whether McCoy properly effected service and whether he is entitled to the benefit of the savings statute. We hold McCoy did not properly effect service and is not entitled to the benefit of the savings statute; therefore, we affirm the circuit court's dismissal of McCoy's complaint with prejudice.
I. Proceedings in Circuit Court
After McCoy's complaint was filed, the nurses, through Sherri Robinson, associate general counsel for the University of Arkansas for Medical Sciences (UAMS), filed a motion on January 6, 2016, to dismiss McCoy's complaint as to them, alleging they were immune from suit pursuant to article 5, section 20 of the Arkansas Constitution and Arkansas Code Annotated section 19-10-305 (Repl. 2016).[2] McCoy filed an amended complaint dismissing the nurses without prejudice; the circuit court entered an order dismissing the nurses from the lawsuit without prejudice; and an order amending the case caption to remove the nurses as defendants.
On January 7, 2016, Drs. Robertson, Fowler, and Kimbrough filed an answer to McCoy's complaint. In the answer, each of the doctors, in addition to other defenses, affirmatively raised the issues of insufficiency of process and service of process and alleged McCoy's complaint should be dismissed with prejudice. On January 12, 2016, Dr. Rueda filed a separate answer, also affirmatively raising the issues of insufficiency of process and service of process and alleging the complaint must be dismissed with prejudice. The doctors also filed an amended answer in response to the amended complaint, again raising insufficiency of process and service of process.
McCoy sent requests for admissions to each doctor. The last request stated, "Admit that you have been properly served with a Notice, Summons, and Complaint in this case." All the doctors denied this request for admission in their separate responses.
On January 11, 2017, McCoy filed a motion to strike the doctors' defenses of lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state facts upon which relief can be granted. The doctors filed a joint response, arguing no valid service had been effected on any of them; they learned of the lawsuit informally and filed answers pleading such defenses; and the defenses were all valid. On January 19, 2017, the doctors filed a motion to dismiss McCoy's complaint, alleging that because they had not been properly served within 120 days as required by the Arkansas Rules of Civil Procedure, McCoy's complaint must be dismissed, and because service was never commenced within two *36 years of the alleged wrongful act,[3] the dismissal must be with prejudice.
In response to the doctors' motion to dismiss, McCoy asserted that should the motion to dismiss be granted, the savings statute should be applicable and dismissal should be without prejudice because he had attempted to complete service in a timely manner. In his brief in support of his response, McCoy stated he mailed copies of the original complaint and summons via certified mail with restricted delivery, return receipt requested, to all the doctors, the nurses, and the John and Jane Does to UAMS at 4301 W. Markham Street, Suite 520, Little Rock, Arkansas 72205, on December 8, 2015. On December 11, 2015, the last status update listed by the postal service, tracking indicated all packets except Dr. Rueda's were "In Transit to Destination." On December 28, 2015, Dr. Rueda's packet was returned to McCoy's counsel, marked as undeliverable because he was no longer at UAMS. On December 29, 2015, McCoy mailed copies of the original complaint and summons to Dr. Rueda via certified mail, restricted delivery, return receipt requested, to Johns Hopkins Hospital, 600 N. Wolfe Street, Administration 400, Baltimore, Maryland 21287. Postal-service tracking showed the packet was delivered on January 5, 2016.[4] McCoy further claimed he spoke with UAMS associate general counsel Robinson, counsel for the nurses, on January 19, 2016, who confirmed she had received the service packets for all the defendants, including the doctors. McCoy also asserted he served the doctors' counsel with a copy of the amended complaint.
A. April 20, 2017 Hearing and April 21, 2017 Order
A hearing on the doctors' motion to dismiss was held on April 20, 2017. Special Judge Kathleen Bell presided. The doctors' counsel argued the motion to dismiss was based on the expiration of the statute of limitations prior to the doctors being served with a summons and complaint; the two-year medical-malpractice statute of limitations ran on April 20, 2016; the complaint was filed on December 2, 2015, prior to the expiration of the statute of limitations; and McCoy had 120 days to properly serve the summons and complaint, which would give him to April 1, 2016. Counsel further contended that because the complaint was never served in accordance with Rule 4 of the Arkansas Rules of Civil Procedure, the action was not commenced within the statute of limitations, and the complaint must be dismissed with prejudice. The doctors' counsel pointed out that personal service was never attempted on any of the doctors; McCoy elected service by mail; and McCoy did not mail the summons and complaint to the doctors' home addresses; rather, he mailed them to a general address at UAMS; tracking information indicated the packets were mailed, but there was no proof the documents were ever delivered or received; and there were no green cards or any proof that an agent of the doctors accepted service in accordance with postal regulations. With *37 respect to Dr. Rueda, while a green card was produced, a person other than Dr. Rueda-a "T. Thompson"-had signed for the packet, and there was no proof who that person was or if he or she was an agent for Dr. Rueda. The doctors' counsel argued there were no documents to indicate any of the doctors had refused service; all of the doctors had raised lack of service as a defense in their answers; unless McCoy made a prima facie showing of service, the burden did not shift to the doctors to prove they had not been properly served; simply because UAMS associate general counsel Robinson knew of the lawsuit did not translate into the doctors having knowledge; and actual knowledge of a case did not overcome the requirement of effective service.
McCoy's attorney argued the original complaint was filed on December 2, 2015; copies of the original complaint and summons were mailed to the doctors on December 8; and postal-service tracking indicated the packets were in transition to their destinations on December 11. McCoy's counsel admitted no green cards had been returned from the postal service. However, it was contended that Dr. Rueda's packet was delivered on December 5, 2016. McCoy's counsel claimed he spoke with Ms. Robinson, who confirmed she had received the service packets for all defendants. Counsel argued the reason McCoy had not filed any return-receipt cards was because the packets were still in transit, and they could not file something they did not have in order to prove service; he agreed no information was available. When questioned as to why McCoy believed he had obtained good service on Dr. Rueda, his counsel replied he was instructed by the Johns Hopkins legal staff to send the information to the address provided and "someone" would sign for it. As to the other three doctors, counsel argued he was instructed to send the information to a general delivery post office box at UAMS, which he had done in previous cases, and he had never had an issue with service of process until this case. He argued the doctors obtained knowledge of the lawsuit in some way, which he believed was by virtue of having received the certified mail.
Following arguments of counsel, the special judge granted the doctors' motion to dismiss with prejudice, finding service was not completed, and therefore the savings statute was not applicable. An order to this effect was filed on April 21, 2017.[5]
B. June 7, 2017 Order
On May 3, 2017, McCoy filed a motion to alter or amend and vacate the April 21 order dismissing his complaint with prejudice. McCoy asserted the dismissal should be without prejudice, as copies of the complaint and summons had been placed in the mail, which he claimed effectuated service; there had been no showing that the defendants had failed to be served; and even if the service was inadequate, he was still entitled to a dismissal without prejudice, which would allow him to avail himself of the savings statute and refile his complaint within one year of dismissal. The doctors responded on May 9, 2017, asking the circuit court to deny the motion and contending the complaint was properly dismissed with prejudice.
McCoy filed his notice of appeal on May 19, 2017, appealing the April 21 order of dismissal with prejudice. On May 23, 2017, he filed a reply to the doctors' response to his motion to alter or amend and vacate.
*38 On June 7, 2017, the circuit court entered an order denying McCoy's motion to alter or amend and vacate.[6] McCoy then filed an amended notice of appeal on June 16, 2017, to include the circuit court's June 7 order denying his motion.
C. August 16, 2017 Filing of Record and Entry of Order
On July 26, 2017, McCoy filed a motion to vacate the order of dismissal with prejudice and the denial of his motion to alter or amend and vacate based upon newly discovered evidence. McCoy asserted a postal-service investigation discovered the summonses and complaints had been delivered, although a green card was not returned; such information could not be discovered in time for a motion for new trial under Rule 59(b); but this information was sufficient under Rule 60(c)(1) to grant relief based upon newly discovered evidence. McCoy attached affidavits of postal employees and his counsel. The postal employees asserted the certified-mail packets were delivered to UAMS in a direct first-class mail container and were not identifiable as certified mail. McCoy's counsel averred he had no control over the post office's delivery of certified mail.
The doctors asserted McCoy's motion to vacate should be denied because the evidence, though newly discovered, was not new; while the doctors had never disputed the summonses and complaints were mailed to the hospital, none of the defendants were properly served; even if the defendants found out about the lawsuit, being aware of a lawsuit did not cure a service defect; UAMS was not a defendant in the lawsuit; service could not be presumed; and McCoy's motion had no bearing on Dr. Rueda, since his service packet was sent to Johns Hopkins rather than UAMS.
The record in this case was filed on August 16, 2017; at that time, McCoy's motion to vacate the order of dismissal with prejudice and the denial of the motion to alter or amend based on newly discovered evidence was pending. However, an order granting that motion was filed mere hours after the record had been filed.
II. Proceedings in Court of Appeals
After the record and the order vacating the order of dismissal were filed on August 16, 2017, McCoy filed a motion with our court to remand the case to the circuit court and to stay appellate proceedings. Our court denied that motion on September 6, 2017.
On September 19, 2017, McCoy filed a petition for reconsideration, arguing Rule 60 of the Arkansas Rules of Civil Procedure permits the circuit court to vacate its earlier order because it was within 90 days of the entry of the order, but because the record had been lodged, it may have lacked jurisdiction to do so. McCoy again requested that our court remand the case to the circuit court, giving the circuit court jurisdiction to enter an order identical to the one that was entered after the record had been lodged. On the same day, McCoy also filed a petition for certiorari with our court to complete the record by including the circuit court's order granting his motion to vacate that was filed after the record was lodged with our court.
In response to the petition for reconsideration, the doctors argued the circuit court lacked jurisdiction because the record on appeal was already lodged when the circuit court issued the order to vacate the *39 dismissal order. Furthermore, the doctors asserted the circuit court was also without jurisdiction under Rule 60 because more than 90 days had elapsed between the entry of the order of dismissal and the order attempting to vacate it.[7] In response to McCoy's petition for certiorari, the doctors asserted the circuit court had already lost jurisdiction when it issued the order because McCoy had already lodged the record; the circuit court had lost jurisdiction to vacate the order of dismissal because more than 90 days had elapsed between the order of dismissal and the order attempting to vacate it; and including the order to vacate in the record was futile because McCoy could not raise any issues involving the motion to alter or amend because he failed to appeal the proper order disposing of that motion, and those issues are not preserved for appeal.[8] Our court denied both the motion for reconsideration and the petition for certiorari in an order filed on October 4, 2017.
III. Points on Appeal
McCoy's first point on appeal is a third attempt to have the case remanded "so that the trial court may exercise its authority under Ark. R. Civ. P. 60(c) to vacate the order appealed from, as it attempted to do on the day the record was lodged." None of the facts have changed since our court's denial of McCoy's previous two requests, as detailed above. We have denied this request on two prior occasions, and we are unpersuaded to entertain this request a third time.
In his second point on appeal, McCoy argues our court should reverse the order dismissing the complaint with prejudice and remand to the circuit court. He argues it was undisputed that he complied or attempted to comply with Rule 4(d)(8)(A) of the Arkansas Rules of Civil Procedure, so any dismissal must be without prejudice, and he should be allowed to take advantage of the savings statute. We disagree.
When issues turn on court rules and precedents about commencement of service, which are issues of law, our review is de novo. Clouse v. Ngau Van Tu , 101 Ark. App. 260, 274 S.W.3d 344 (2008). Service of valid process is necessary to give a court jurisdiction over a defendant. City of Tontitown v. First Sec. Bank , 2017 Ark. App. 326, 525 S.W.3d 18. Statutory service *40 requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. Se.Foods v. Keener , 335 Ark. 209, 979 S.W.2d 885 (1998). Court rules are construed in the same manner. Rettig v. Ballard , 2009 Ark. 629, 362 S.W.3d 260. Our service rules place "an extremely heavy burden on the plaintiff to demonstrate that compliance with those rules has been had." Williams v. Stant USA Corp. , 2015 Ark. App. 180, at 3, 458 S.W.3d 755, 758 (citing Brown v. Ark. Dep't of Human Servs. , 2013 Ark. App. 201, at 4, 2013 WL 1228032 (emphasis in original) ).
Rule 4(i)(1) of the Arkansas Rules of Civil Procedure provides:
If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2), the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If service is by mail or by commercial delivery company pursuant to subdivision (d)(8)(A) & (C) of this rule, service shall be deemed to have been made for purposes of this subdivision (i) on the date that the process was accepted or denied.
In the present case, no motion for extension was filed. Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, if service is not made within 120 days and no timely motion to extend is made, dismissal of the action is mandatory. City of Tontitown , supra. However, Rule 4(i) must be read in conjunction with other procedural rules, such as the statute of limitations, and the dismissal without prejudice language in Rule 4(i) does not apply if the plaintiff's actions are otherwise barred by the running of the statute of limitations. McCoy v. Montgomery , 370 Ark. 333, 259 S.W.3d 430 (2007).
In the present case, McCoy elected to serve the doctors by mail. Rule 4(8)(A)(i) of the Arkansas Rules of Civil Procedure provides that mail is proper service "by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Here, the certified-mail receipts for Drs. Robertson, Fowler, and Kimbrough do not indicate the fees for return receipt requested or restricted delivery were paid. Furthermore, there is no evidence that these packets were ever delivered to the doctors. Although Dr. Rueda's packet did have those services paid for, the packet was delivered to "T. Thompson," not Dr. Rueda, and there was no evidence T. Thompson was Dr. Rueda's agent.
McCoy argues the circuit court heard factual assertions from his attorney that the summonses and complaints were mailed but the green cards had not been received and were noted by the postal service to be in transit to destination. This is of no moment. Arguments and statements by attorneys are not evidence. Ross v. Moore , 30 Ark. App. 207, 785 S.W.2d 243 (1990). Counsel's statements and assertions cannot substitute for evidence of proof of service.
There was simply no proof of timely service presented to support McCoy's claim that the doctors had been served. The return of service is prima facie evidence that service was made as stated; the burden then shifts to the party claiming service was not valid to overcome the prima facie case created by proof of service. Valley v. Helena Nat'l. Bank , 99 Ark. App. 270, 259 S.W.3d 461 (2007). Here, there was never a prima facie case made as to proof of service. No green cards were *41 ever returned for Drs. Robertson, Fowler, or Kimbrough. And even though a green card was returned for Dr. Rueda, the signature was not Dr. Rueda's, and there was no proof "T. Thompson" was Dr. Rueda's agent; the burden remained on McCoy to prove Dr. Rueda was properly served with a summons and complaint, and McCoy failed to meet this burden. See Valley , supra (no proof of service when green card showed packet delivered to L. Danley, even though Valley signed green card over Danley's signature two days later). McCoy was aware he had not received proof of service in the form of green cards from the doctors, yet he elected not to serve the doctors in any other fashion permitted by law or to request an extension of time to effect service. McCoy presented no proof the doctors received their service packets; therefore, dismissal was proper because service was not obtained within 120 days.
McCoy asserts that even if dismissal is required, it should be without prejudice because he attempted to complete service and should be entitled to invoke the protection of the savings statute. The savings statute, found at Arkansas Code Annotated section 16-56-126, provides in pertinent part that if any action is timely commenced within the statute of limitations, and the plaintiff suffers a nonsuit, the plaintiff may commence a new action within one year after the nonsuit. For purposes of the savings statute, a dismissal is the same as a nonsuit. Carton v. Mo. Pac. R.R. Co. , 295 Ark. 126, 747 S.W.2d 93 (1988). "The savings statute extends the time for a plaintiff to correct a dismissal without prejudice when the statute of limitations would otherwise bar the suit." Oxford v. Perry , 340 Ark. 577, 582, 13 S.W.3d 567, 570 (2000). For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective) is completed within the 120-day period required by Rule 4(i). Rettig , supra. "It has never been held that any attempt at service, whether completed or not, commences a case." Clouse , 101 Ark. App. at 265, 274 S.W.3d at 347 (2008).
McCoy contends that his attempt at service is sufficient to allow him the benefit of the savings statute. In support of his argument, he cites four cases: Jones v. Douglas , 2016 Ark. 166, 489 S.W.3d 648 ; Rettig , supra ; McCoy v. Bodiford , 2010 Ark. App. 152, 2010 WL 546706 ; and Barner v. Thompson/Center Arms Co., Inc. , 796 F.3d 897 (8th Cir. 2015). All of these cases are distinguishable from the present case.
In Jones , even though the summonses were defective because they stated the incorrect response time to answer the complaint, the savings statute applied because service was deemed to be a completed attempt under Arkansas Code Annotated section 16-58-132 when the return receipts were marked refused. Here, there are no return receipts, and there was no indication the packets were refused. McCoy had no reason to believe that service was complete.
In Rettig , service of process was not challenged, but the response time on the summons was incorrect. Service was timely completed in that case, although defective; therefore, the plaintiff was entitled to avail himself of the savings statute. However, in the present case, no service was effected; therefore, the case was not commenced.
In Bodiford , although service was completed by first-class mail only, there was no dispute that the plaintiff actually served the special administrator. Here, McCoy provided no proof to indicate the service packets were actually delivered to the doctors.
In Barner , a federal case cited by McCoy, a return receipt was presented *42 that showed the plaintiff had completed service, although there was a mix-up with registered agents. Here, no such proof was presented to indicate that the doctors had been properly served. Although Dr. Rueda's packet was signed for by someone, there was no indication the person even knew Dr. Rueda or that the packet was delivered to Dr. Rueda.
In the present case, because service was never completed, not even defective service, the lawsuit was never commenced, and the statute of limitations has now run. Therefore, the circuit court properly dismissed McCoy's suit with prejudice.
McCoy's last point of appeal is two-fold: the doctors are estopped from demanding strict compliance, and they waived entitlement to demand strict compliance because McCoy was entitled to rely on representations by hospital attorneys for purposes of service on the doctors. We decline to address McCoy's estoppel and waiver arguments because they were never raised to the circuit court and are being made for the first time on appeal. It is well settled the appellate courts will not consider arguments made for the first time on appeal; an appellant is limited by the scope and nature of the objections and arguments presented at trial. Cox v. Miller , 363 Ark. 54, 210 S.W.3d 842 (2005). See also Lucas v. Jones , 2012 Ark. 365, 423 S.W.3d 580 (estoppel); G.A.C. Trans-World Acceptance Corp. v. Jaynes Enters., Inc. , 255 Ark. 752, 502 S.W.2d 651 (1973) (waiver).
The circuit court's dismissal of McCoy's action with prejudice is affirmed.
Affirmed.
Vaught and Brown, JJ., agree.

The nurses were later dismissed from the lawsuit, and pursuant to Rule 54(b)(5) of the Arkansas Rules of Civil Procedure, "any claim against a named but unserved defendant, including a 'John Doe' defendant, is dismissed by the circuit court's final judgment or decree." Therefore, the order appealed from is final.

Article 5, section 20 of the Arkansas Constitution provides, "The State of Arkansas shall never be made a defendant in any of her courts." Arkansas Code Annotated section 19-10-305(a) provides, "Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment."

Arkansas Code Annotated section 16-114-203(a) (Repl. 2016) provides the statute of limitations for medical injury is two years after the cause of action accrues. "The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203(b). The date of accrual of McCoy's injury was no later than April 20, 2014.

Exhibit A to McCoy's response, the certified-mail receipts for the packets mailed to the doctors, shows that only Dr. Rueda's packet was marked as having paid the certified fee, the return-receipt fee, and the restricted-delivery fee. The certified-mail receipts for the other three doctors did not indicate the additional fees were paid for those services.

This order was signed by the presiding Pulaski County circuit judge, not the special judge who granted the motion to dismiss.

McCoy's May 3, 2017 motion to alter or amend and vacate was "deemed denied" on June 2, 2017.

The order of dismissal was entered on April 21, and the order attempting to vacate that order was entered on August 16, 117 days later.

Specifically, the doctors argued the order to vacate attempted to vacate the order of dismissal and the previous denial of McCoy's motion to alter or amend. They asserted, citing Bayer CropScience LP v. Schafer , 2011 Ark. 518, 385 S.W.3d 822, that the failure to list a deemed-denied order precludes appellate review of the motion deemed denied. The doctors argued the order of dismissal with prejudice was entered on April 21; McCoy filed a motion to alter or amend the order of dismissal with prejudice on May 3; the May 19 notice of appeal appealed only the April 21 order of dismissal; McCoy's motion to alter or amend was deemed denied on June 2; the circuit court entered an order on June 7 attempting to deny the motion to alter or amend, but it had already been deemed denied on June 2; McCoy filed a first amended notice of appeal on June 16, appealing the order denying his motion to alter or amend and vacate the order entered on June 7 with no mention of the June 2 deemed denial; while McCoy filed a motion on July 26 to vacate the April 21 order of dismissal with prejudice and to vacate the order denying the motion to alter or amend entered June 7, it did not ask to vacate the June 2 deemed-denied order; and on August 16, the circuit court entered an order (after the record was lodged, and when the circuit court no longer had jurisdiction) to vacate its order of dismissal and the order denying the motion to alter or amend, but the August 16 order did not mention the June 2 deemed-denied order.