PHILLIP T. WHITEAKER, Judge
Appellant James Pilkinton and appellee Hope Pilkinton were divorced by a decree of the Baxter County Circuit Court. James appeals the final decree,[1] arguing that the circuit court erred in the division of the couple's marital and nonmarital property. We find no error and affirm.[2]
Hope and James began living together in 2002 and married in 2011. They subsequently separated, and Hope filed a complaint for divorce in 2014; James answered and filed a counterclaim for divorce. The parties proceeded to a contested hearing on the issues of their real and personal property. As to the real property, Hope testified that she owned the land on which she and James lived before they were married, and his name was never placed on the real estate. James did not contest the evidence that Hope owned the real estate before the marriage and that his name was not on the deed. He did present evidence that he had made contributions to the value of the real estate during the marriage.
Regarding their personal property, Hope testified that she owned a small hay-farming business called Steel Dust Farms before the marriage. She acknowledged that in 2005 or 2006, before they were married, James founded a lawn-care business called James Tree and Lawn Service. She contended, however, that during the marriage she and James together purchased items to be used for that business. Hope presented the court with a list, designated Plaintiff's Exhibit 1, of the property and equipment that she contended were purchased for James's business during the marriage. James did not object to the exhibit. Likewise, James described some of the equipment that he used for his business. He asserted that he had paid for some of the equipment but admitted that Hope had paid for some. He further testified about some of the equipment that was on Hope's exhibit 1 without disputing her inclusion of the equipment on that list or her characterization of it.
With regard to other personal-property interests, Hope introduced Plaintiff's Exhibit 2, which was a handwritten list of personal property that James removed from their house after she filed for divorce; she captioned this list "A tentative list of what he took (there is so much more)." On this list, she denoted items that were hers before the marriage, items she considered to be James's nonmarital property, and items that were deemed *884 marital property. James did not object to the introduction of the exhibit.
In connection with exhibit 2, Hope explained that she had inherited much of her personal property from her father. She reported that many of the items were no longer present on the property because James had removed them before the hearing.[3] She asked the court to order that all of the items on the list that had been bought during the marriage be returned and sold, the items of personal property that were hers returned to her, and the items that belonged to James awarded to him. At the end of the hearing, the circuit court invited both parties to submit briefs on some "recent developments in the marital property law." Neither party submitted a brief.
The circuit court entered a final decree on July 11, 2017, addressing the nonmarital-and marital-property interests of the parties. As to the nonmarital property, the court found the home and land on which the couple resided and their individually owned and operated businesses to be nonmarital property. The court noted that both parties contributed to improvements to both the land and the businesses but concluded as follows:
Without more evidence than [was] presented at trial, the contributions Mr. Pilkinton and Ms. Pilkinton made to the improvement of the other's property or business can only be considered voluntary and in the nature of gifts. Thus, Mr. Pilkinton has no interest in Ms. Pilkinton's real property and the improvements thereon, and Ms. Pilkinton is awarded the same. Neither party has an interest in the other's business. Therefore, Ms. Pilkinton is awarded the assets of Steel Dust Farms. Mr. Pilkinton is awarded the assets [of] James Lawn and Tree Service, including the equipment listed on Exhibit "A" attached hereto and incorporated herein.[4]
The court then went on to award to Hope, as her nonmarital property, the items she identified on plaintiff's exhibit 2 as belonging to her, including the items that she had inherited from her father; the court awarded to James, as his nonmarital property, the items Hope had marked as "his" on the same exhibit.
As to the marital property, the court attached to its decree an exhibit "B." The items on the court's exhibit "B" were the remaining items from Hope's exhibit 2 that she had designated as marital property-i.e., those that were designated neither Hope's nor James's individual property. Regarding these items, the court provided as follows:
The items listed on Exhibit "B" which is attached hereto and incorporated herein are marital property. The items listed in Exhibit "B" shall be assembled and sold at public auction within forty-five days of the filing of this Decree. Any sums remaining after the costs of sale shall be divided equally between the parties.
From this decree comes the instant appeal.[5]
On appeal, James argues that the circuit court erred in its division of the marital and nonmarital property. This court reviews cases involving the division *885 of marital property de novo. Beck v. Beck , 2017 Ark. App. 311, 521 S.W.3d 543. With respect to the division of property in a divorce case, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence. Franks v. Franks , 2018 Ark. App. 266, 548 S.W.3d 871. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id.
James's primary point heading is that the circuit court erred by "not dividing all property in the decree and not awarding [James] all of his business property." Under this heading, he raises a number of somewhat disjointed issues. For example, he complains that the circuit court's final decree "does not address property mentioned but not included on [Hope's] Exhibit 2." He does not, however, identify the specific property that he believes is omitted. We therefore cannot conclude, on this bare assertion of error, that the circuit court's findings were clearly erroneous.
James also argues that many of the items listed on the court's exhibit B "are tools clearly used in [his] lawn care and tree service business," such as garden tools, air compressors, tree nippers, and the like. He did not object, however, to the introduction of Hope's exhibit 2 that enumerated these items, and he did not present any evidence at trial whatsoever that these were items he used in his business. The circuit court therefore had no evidence before it that would have supported a contrary conclusion. See, e.g. , Hix v. Hix , 2015 Ark. App. 199, at 12, 458 S.W.3d 743, 749 (refusing to find error in circuit court's conclusion in a child-support case that mother had not artificially inflated her expenses when father presented no evidence of such inflation).
James next contends that the circuit court made no inquiry into Hope's notation of "there is so much more" at the top of her exhibit 2. He asserts that the circuit court was "aware of the additional property" but failed to address it. As noted above, however, James did not object to the introduction of this exhibit, nor did he inquire at trial what this phrase might mean. Essentially, his argument is being made for the first time on appeal, and we therefore decline to consider it. See McCoy v. Robertson , 2018 Ark. App. 279, at 16-17, 550 S.W.3d 33, 42 ("It is well settled the appellate courts will not consider arguments made for the first time on appeal; an appellant is limited by the scope and nature of the objections and arguments presented at trial.") (citing Cox v. Miller , 363 Ark. 54, 210 S.W.3d 842 (2005) ).
Finally, James repeats his argument that the circuit court erred in decreeing certain items, such as garden tools, to be marital property when they were "clearly not for personal use." Once more, James had the opportunity below to challenge Hope's characterization of these specific items of property, but he did not. He may not be heard to do so for the first time on appeal. McCoy, supra.
Affirmed.
Vaught and Murphy, JJ., agree.

The circuit court entered an initial decree of divorce on May 3, 2016, granting Hope's complaint for divorce but reserving jurisdiction of the matter to issue further orders on the division of real and personal property.

We previously ordered supplementation of the addendum because of deficiencies therein. Pilkinton v. Pilkinton , 2018 Ark. App. 475, 2018 WL 4763136. James has remedied those deficiencies, and we now reach the merits of his appeal.

Hope explained that in April 2015, while she was at work, James and some of his friends loaded up a couple of U-Haul trailers with belongings from inside the house and from a trailer on the property.

The court's "Exhibit A" was virtually identical to Hope's exhibit 1, listing the equipment purchased for the business.

The remaining division of the couple's property in the decree is immaterial to the issues raised on appeal.