Cite as 2022 Ark. App. 267

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-21-431

| | | |
|---|---|---|
| | | **Opinion Delivered**  May 25, 2022 |
| JAMES HARVEY | | |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-21-43] |
| V. | | |
| | | HONORABLE R. GUNNER DELAY, JUDGE |
| STEPHEN HEIM, M.D. | | |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant James Harvey appeals the June 9, 2021, order of the Sebastian County Circuit Court granting the motion to dismiss with prejudice filed by appellee Stephen Heim, M.D., finding that Harvey's medical-malpractice complaint is barred by the statute of limitations.  On appeal, Harvey argues that his action is not time-barred because he effected service on Dr. Heim sufficient to trigger the benefit of the savings statute.  We affirm.

On January 16, 2020, Harvey filed his original medical-malpractice action against Dr. Heim, John Does 1–25 collectively, and Jane Does 1–25 individually and collectively, alleging that on January 17, 2018, he suffered damages as a result of a left-shoulder surgery negligently performed by Dr. Heim, an orthopedic surgeon.

Process server Geoffrey Hall attempted service on Dr. Heim at his place of work on May 7. On the proof-of-service form, Hall checked the box indicating "I was unable to execute service

because:" and proceeded to write "Dr. Heim would not present himself." On Harvey's motion, the circuit court granted a nonsuit without prejudice on December 28.

Following the voluntarily dismissal, on January 20, 2021, Harvey refiled the action, alleging the same negligence and medical malpractice stemming from his shoulder surgery performed by Dr. Heim on January 17, 2018. According to the proof-of-service form completed by process server Libby Pruitt, a copy of the complaint and summons was left at the home of Dr. Heim on February 19, 2021.[1] Dr. Heim filed a motion to dismiss with prejudice pursuant to Arkansas Rule of Civil Procedure 12(b)(4), (5), and (6), asserting the action was barred by the statute of limitations. Specifically, Dr. Heim contended that the statute of limitations on Harvey's medical-malpractice claim expired before the second action was filed, and Harvey cannot avail himself of the benefit of the savings statute because he never completed service on Dr. Heim in the first lawsuit. In an order entered on June 9, the circuit court granted Dr. Heim's motion to dismiss with prejudice. Harvey now appeals.

On appeal, Harvey argues that the medical-malpractice action against Dr. Heim is not time-barred because service of process, even defective service of process, is sufficient to trigger entitlement to the savings statute. Harvey maintains that in the initial lawsuit, he served Dr. Heim in accordance with the Arkansas Rules of Civil Procedure; therefore, the savings statute, codified at

---

[1] There are issues surrounding this service of process as well. The process server's return of service states that a copy of the summons and complaint was left at Dr. Heim's house with his wife. However, in his affidavit, Dr. Heim states that he is unmarried and explains that on the date the papers were allegedly served, there were no persons at his residence to receive them.

Arkansas Code Annotated section 16-56-126[2] permits him to refile his action within one year of the voluntary dismissal.

When issues turn on court rules and precedents about commencement of service, which are issues of law, our standard of review is de novo.[3] Service of valid process is necessary to give a court jurisdiction over a defendant.[4] Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact.[5] Court rules are construed in the same manner.[6] Our service rules place "an extremely heavy burden on the plaintiff to demonstrate that compliance with those rules has been had."[7]

Under the Medical Malpractice Act, a plaintiff must file a medical-malpractice cause of action within two years from the date of the wrongful act complained of.[8] An action must also be "commenced" before the statute of limitations expires in order to take advantage of the provision of the savings statute.[9] For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective) is completed within

---

[2](Repl. 2005)

[3]*McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33.

[4]*City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 525 S.W.3d 18.

[5]*Se. Foods v. Kenner*, 335 Ark. 209, 979 S.W.2d 885 (1998).

[6]*Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260.

[7]*Williams v. Stant USA Corp.*, 2015 Ark. App. 180, at 3, 458 S.W.3d 755, 758.

[8]Ark. Code Ann. § 16-114-203(a) (Repl. 2016).

[9]*See* Ark. Code Ann. § 16-56-126(a).

the 120-day period required by Arkansas Rule of Civil Procedure 4(i).[10] The issue before the court is whether, within the two-year statute of limitations for medical malpractice, Harvey served Dr. Heim with the summons and complaint sufficient to avail himself of the benefits afforded by the savings statute.

There is no dispute that effective service was not obtained on May 7, 2020, by process server Hall. However, Harvey argues that the handwritten words of Hall on the return-of-service form established that Dr. Heim refused to present himself for personal service, thereby triggering the provisions of Arkansas Rule of Civil Procedure 4(f)(1)(A) that governs the steps that must be completed by process servers in the event a defendant refuses to accept personal service. Rule 4(f)(1)(A) provides that in order to obtain valid service, once the process server makes his or her purpose clear, and the defendant refuses to receive service, the process server must then leave the papers in close proximity to the defendant.

Harvey contends that on the day following the failed service attempt, his counsel sent the summons and complaint to Dr. Heim's office address via first-class mail. Harvey argues that this mailing of the summons and complaint by first-class mail is sufficient to trigger entitlement to the savings statute. In support of his argument, Harvey relies on *McCoy v. Bodiford*,[11] in which the plaintiff mailed the summons and complaint by regular mail, not certified mail, which did not include the required return receipt. Harvey contends that this court held this was sufficient to receive the benefit of the savings statute. However, *Bodiford* is readily distinguishable from the present case. In *Bodiford*,

---

[10]*Rettig*, *supra*.

[11]2010 Ark. App. 152.

there was no dispute that the plaintiff actually served the summons and complaint on the special administrator. The court found that imperfect service was sufficient to trigger the savings statute. In the case at bar, there is no evidence of the mailing of documents to Dr. Heim, other than the affidavit of Harvey's counsel. "Counsels only evidence are his assertions and statements."[12] Consequently, the only evidence of service, or the attempted service, is Hall's return-of-service form, which establishes that he was unable to obtain service, not that Dr. Heim refused service. Thus, we do not have the imperfect-service issue presented in *Bodiford*; we have no service of the summons and complaint within the applicable statute of limitations.

Also, Dr. Heim submitted an affidavit specifically denying that he had received the papers by mail. In *Robinson*,[13] the plaintiff mailed a copy of the summons and complaint by certified mail; however, the plaintiff failed to request a return receipt or restrict delivery to the addressee, as required by Arkansas Rule of Civil Procedure 4(8)(A)(i). The plaintiff provided no proof indicating the service documents were actually delivered to the defendant doctors. This court held that service is not completed upon mailing, but upon receipt.[14] Here, Dr. Heim denied having received the summons and complaint. Harvey failed to provide evidence to the contrary. Accordingly, Harvey failed to carry his burden of demonstrating compliance with the statutory service rules.

Furthermore, even had there been proof of mailing the summons and complaint the day after service was allegedly refused, Harvey offers no authority, nor do we find any, to support a conclusion

---

[12]*Robertson*, *supra*.

[13]*Supra*.

[14]*Id*.

that mailing the summons and complaint by first-class mail the day following refusal of service satisfies the close-proximity requirement of Arkansas Rule of Civil Procedure 4(f)(1)(A). Moreover, the statute contemplates that the *process server* leave the documents with the defendant. Here, the process server at no time left a summons and complaint with Dr. Heim nor did the process server cause the papers to be left in close proximity to Dr. Heim. Therefore, even if the evidence was sufficient to establish that Dr. Heim did, in fact, refuse personal service, Harvey still failed to satisfy the statutory requirements because the process server did not leave the summons and complaint in close proximity to Dr. Heim.

Because Harvey failed to obtain service on Dr. Heim within the two-year time frame allowed for medical-malpractice actions, he cannot avail himself of the benefit of the savings statute, and his action is barred by the applicable statute of limitations.

Accordingly, we affirm the circuit court's dismissal of Harvey's complaint with prejudice.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Bryant Law Partners, LLC*, by: *G.E. Bryant*, for appellant.

*Munson, Rowlett, Moore, and Boone, P.A.*, by: *Tim Boone*, *Sarah Greenwood*, and *Zachary Hill*, for appellee.