Cite as 2021 Ark. 31

# SUPREME COURT OF ARKANSAS
No. CV-19-781

| | |
|---|---|
| | **Opinion Delivered:** February 18, 2021 |
| SCOTT WHITE AND JAMIE WHITE<br>APPELLANTS | |
| V. | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. 60CV-18-4697] |
| HUNTER OWEN AND JOHN DOES<br>1–3<br>APPELLEES | HONORABLE CHRISTOPHER<br>CHARLES PIAZZA, JUDGE |
| | AFFIRMED AS MODIFIED; COURT<br>OF APPEALS' OPINION VACATED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants Scott and Jamie White appeal from the Pulaski County Circuit Court's order dismissing with prejudice their claims against appellee Hunter Owen. For reversal, the Whites argue that the circuit court erred in dismissing the suit based on defective service of process. Alternatively, they contend that the circuit court erred in dismissing the suit with prejudice when the savings statute applied. We affirm as modified.

This case stems from a motor-vehicle accident that occurred on August 22, 2015. The Whites filed a complaint against Owen on July 9, 2018, alleging claims of negligence and requesting damages for personal injuries. Prior to being served with the complaint and summons, Owen filed an answer to the complaint on August 17, 2018, wherein he admitted that he was "at all times relevant" a resident of Sherwood, Arkansas. Owen also asserted all affirmative defenses, including insufficiency of process and service of process.

On October 22, 2018, the Whites filed a motion for extension of time to serve Owen, claiming that they had made a good-faith attempt to serve him at his last four known addresses but had been unable to locate him. They requested an additional 120 days to obtain service. The circuit court granted the motion on October 23, 2018, and extended the time for service through February 19, 2019.

Owen filed a motion to dismiss the complaint on February 28, 2019. He alleged that on February 15, 2019, a process server had attempted service at Owen's mother's home located at 1808 Windridge Court in Sherwood, Arkansas. Although his mother, Jennifer Armour, explained that Owen did not reside at that address, the process server requested that Armour sign for the documents. Owen included an affidavit from his mother to this effect, as well as his affidavit attesting that he did not live at the residence, that he had not lived there since November 2017, and that he was not present when service was attempted. Instead, Owen averred that since September 2018, he has resided and received his mail at 3802 Kavanaugh Boulevard, Apartment 702, in Little Rock, Arkansas. He attached an electric bill and a paystub verifying his current residential address. Owen argued that he had not been properly or timely served and requested that the Whites' complaint be dismissed pursuant to Rules 4(i) and 12(b)(5) of the Arkansas Rules of Civil Procedure.

In their response, the Whites claimed that they had hired two different process servers, attempted service through certified letter and restricted delivery, and ran searches for Owen's current residence. The Whites asserted that they believed they had perfected service on Owen and that even if they had not, their complaint should not be dismissed due to a technicality after the service deadline had passed. Attached to their response was an

2

affidavit from Jerome Mitchell, one of their process servers. Mitchell stated that Owen's voter registration had listed the Sherwood address, and the Whites included an exhibit confirming that this address is listed on Owen's voter registration, which is dated March 27, 2014. The Whites also claimed that the Sherwood address was listed on the collision report from the accident. Mitchell averred that when he served the documents at the Sherwood address, Armour voiced no objection, never indicated that Owen did not reside there, and accepted service, stating that she would give the documents to Owen. The Whites further argued that even if the service was deemed defective, any dismissal should be without prejudice, allowing them to refile their complaint pursuant to the savings statute.

Owen filed a reply claiming that he had disclosed his current address on September 25, 2018, in response to the Whites' first set of interrogatories and request for production of documents. The discovery response, which was attached as an exhibit, listed Owen's residence address as "3802 Kavanaugh Boulevard, Apt. 702, Little Rock, AR 72205." He asserted that process servers had been told by his mother on two separate occasions that he did not reside at her home in Sherwood and that the Whites had failed to perfect service under Ark. R. Civ. P. 4. He further argued that the Whites had failed to complete service to commence the action and that they were therefore not entitled to the benefit of the savings statute.

Following a hearing on the motion to dismiss, the circuit court entered an order on July 8, 2019, finding that the motion should be granted and dismissing the complaint with prejudice. The Whites filed a timely notice of appeal from the dismissal on July 26, 2019. On August 9, 2019, the Whites filed a "Rule 60 Motion to Reconsider," arguing that under

3

the revised version of Ark. R. Civ. P. 4(k), any error as to the sufficiency of service of process shall be disregarded if there was substantial compliance and the defendant received actual notice and filed a timely answer. The circuit court did not rule on this motion. The court of appeals affirmed the circuit court's dismissal with prejudice, *see White v. Owen*, 2020 Ark. App. 356, 609 S.W.3d 1, and we granted the Whites' petition for review. When we grant a petition for review, we treat the appeal as if it had originally been filed in this court. *Dollar Gen. Corp. v. Elder*, 2020 Ark. 208, 600 S.W.3d 597.

The Whites first argue that the circuit court erred by dismissing their complaint on the basis of defective service of process. They contend that leaving the documents with Owen's mother at the Sherwood address was consistent with the public records showing that he held her home out as his residence and was compliant with the 2019 version of Rule 4 that was in effect at the time of service. Owen responds that the Whites were required to comply with the rules of civil procedure in effect when they filed their complaint and that it would disturb his vested due-process rights to retroactively apply the newer version of the rule. Owen asserts that even if the 2019 version did apply, service was insufficient under the facts in this case.

We generally review a circuit court's decision to grant a motion to dismiss under an abuse-of-discretion standard. *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. The construction of a court rule, however, is a question of law, which we review de novo. *Id.* When construing the meaning of a court rule, we use the same means and canons of construction that we use to interpret statutes. *Tollett v. Wilson*, 2020 Ark. 326, 608 S.W.3d 602. The primary rule of statutory construction is to give effect to the intent of the drafting

4

body. *3 Rivers Logistics, Inc. v. Brown-Wright Post No. 158 of the Am. Legion, Dep't of Ark., Inc.*, 2018 Ark. 91, 548 S.W.3d 137. We first construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, we determine the drafter's intent from the ordinary meaning of the language used. *Id.*

Arkansas Rule of Civil Procedure 4, which contains the procedure for the issuance of summons and the service of process, was amended in 2018, and the amended version became effective on January 1, 2019. *See In re Recommendations of the Comm. on Civ. Practice*, 2018 Ark. 239 (per curiam). The revisions pertinent to this case are found in subdivisions (f) and (k):

> (f) Personal Service Inside the State. Service of process shall be made inside the state as follows:
>
> > (1) Natural Persons. If the defendant is a natural person at least 18 years of age or emancipated by court order, by:
> >
> > (A) delivering a copy of the process to the defendant personally, or if he or she refuses to receive it after the process server makes his or her purpose clear, by leaving the papers in close proximity to the defendant;
> >
> > (B) leaving the process with any member of the defendant's family at least 18 years of age at a place where the defendant resides; or
> >
> > (C) delivering the process to an agent authorized by appointment or by law to receive service of summons on the defendant's behalf.
>
> . . . .
>
> (k) Disregard of Error; Actual Notice. Any error as to the sufficiency of process or the sufficiency of service of process shall be disregarded if the court determines that the serving party substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer.

Ark. R. Civ. P. 4(f) & (k) (2019). According to the reporter's notes to subdivision (f),

> In paragraph (1)(B), the phrase "a place where the defendant resides" replaces its counterpart in former paragraph (d)(1), "dwelling house or usual place of abode." The effect of this change is to overturn *State Office of Child Support Enforcement v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997), which defined the latter phrase in terms of domicile: a person's "fixed permanent home, the place to which he has—whenever absent—the intention of returning." *Id.* at 344, 954 S.W.2d at 910. Residence and domicile are not synonymous; a person can have multiple residences but only one domicile. *See Leathers v. Warmack*, 341 Ark. 609, 19 S.W.3d 27 (2000); *Lawrence v. Sullivan*, 90 Ark. App. 206, 205 S.W.3d 168 (2005). This change makes Arkansas practice consistent with that in other jurisdictions whose courts have rejected the narrow approach taken in *Mitchell*. *See, e.g.*, *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991); *United States v. Tobin*, 483 F. Supp. 2d 68 (D. Mass. 2007); *Blittersdorf v. Eikenberry*, 964 P.2d 413 (Wyo. 1998); *Sheldon v. Fettig*, 919 P.2d 1209 (Wash. 1996); *Van Buren v. Glasco*, 217 S.E.2d 579 (N.C. 1975), overruled on other grounds by *Love v. Moore*, 291 S.E.2d 141 (N.C. 1982).

Ark. R. Civ. P. 4 addition to reporter's notes, 2019 amend., para. 13. The reporter's notes indicate that the new provision in subdivision (k) "reestablishes a substantial-compliance standard for process and service of process under Rule 4 when the defendant has actual notice of the complaint and has filed a timely answer." *Id.* para. 41.

We agree with the Whites that the 2019 version of Rule 4 governs the service attempt in this case, which occurred in February 2019, after the date the revisions became effective. Owen's argument that retroactive application of these rule changes would disturb his vested rights is without merit, as the version of the rule in effect when he was served is the one being applied.[1] Thus, we must determine whether the Whites' service on Owen complied with the most recent version of Rule 4.

---

[1]Although Owen contends that the Whites had to comply with the rules of civil procedure as they existed when the complaint was filed, he cites no authority to support this contention. In addition, the parties' discussion of "straddle" cases such as *May v.*

The Whites argue that service of process at Owen's mother's home in Sherwood was sufficient under Rule 4(f)(1)(B), which allows service on a defendant by "leaving the process with any member of the defendant's family at least 18 years of age at a place where the defendant resides." They contend that the purpose of the recent amendment was to overturn the narrow approach used in cases such as *Office of Child Support Enforcement v. Mitchell*, *supra*, and to permit service at a residence where the defendant has a "nexus" that is sufficient to afford a reasonable opportunity to receive notice.

In *Mitchell*, the Office of Child Support Enforcement served process on Mitchell by handing the summons and complaint to his mother at her house. The evidence showed that Mitchell used his mother's address as his mailing address, although he lived at a separate residence. *Mitchell*, 330 Ark. at 341, 954 S.W.2d at 908. We noted that Mitchell's driver's license, employer, and property assessments all listed his mother's address and that he maintained "significant contacts" with that residence, stopping by at least three times a week to see his mother and pick up his mail. *Id*. at 342, 954 S.W.2d at 909. Nonetheless, because we determined that Mitchell's domicile or usual place of abode was at a separate address, we held that service was insufficient. *Id*. at 344–45, 954 S.W.2d at 910.

The Whites argue that the facts in *Mitchell* are similar to those in the present case and that because the 2019 amendment to Rule 4 was intended to overturn that decision, the

*Goodman*, 2013 Ark. 82, is not relevant because the rule changes at issue here did not impact the form or content of the summons. In *May*, the rule amendment increased the time period within which defendants must file an answer from twenty days to thirty days. *Id*. at 1–2. The summons in that case was issued prior to the effective date of the rule change but was not served until after that date. *Id*. at 3. We held that the subsequent rule change did not invalidate the summons and that the circuit court erred in dismissing the case on that basis. *Id*. at 4.

circuit court here must be reversed as well. They also cite two additional cases that are listed in the Reporter's Notes to revised Rule 4, *Sheldon v. Fettig*, 919 P.2d 1209 (Wash. 1996), and *Blittersdorf v. Eikenberry*, 964 P.2d 413 (Wyo. 1998). In *Sheldon*, the defendant was served when the documents were left with her brother at her parents' address in Washington. Although she had moved to Chicago two years' prior, the defendant, who was a flight attendant, continued to list her parents' residence as her mailing address, returned home frequently, and was even present when the plaintiff's attorney called. *Sheldon*, 919 P.2d at 1213. The Washington Supreme Court concluded that the defendant maintained two places of usual abode and that the family home was the place where she was most likely to receive notice of the pendency of suit; thus, the court upheld service. *Id*.

In *Blittersdorf*, the defendant was served when process was left with his wife at their residence in Centennial, Wyoming. At the time of service, the defendant had been living in Jackson, Wyoming, for the previous nine months. *Blittersdorf*, 964 P.2d at 414. He maintained a post office box and registered some vehicles in Jackson, but his wife and daughter remained in Centennial so that his daughter could complete the school year. *Id*. The defendant left tools and construction equipment at the Centennial home because he intended to return to complete a project there, and he had visited his family approximately fourteen times in six months immediately preceding service. *Id*. The Wyoming Supreme Court determined that service was valid because the defendant had maintained a nexus to his former Centennial address such that service there was reasonably calculated to result in notice to him. *Id*. at 415.

As the reporter's notes to Rule 4(f)(1)(B) indicate, the rule change was intended to reflect that a person can have more than one residence for purposes of service of process. However, we disagree with the Whites that the evidence presented in this case demonstrated that Owen's mother's home was "a place where [he] resides." Ark. R. Civ. P. 4(f)(1)(B). As distinguished from *Mitchell* and the other cases discussed above, the Whites did not show that Owen maintained a nexus or significant contacts with the Sherwood address after he moved from that residence in November 2017. The Whites specifically point to three pieces of evidence in support of their argument: (1) Owen's admission in his answer that he "was at all times relevant a resident of Sherwood, Arkansas"; (2) an accident report listing the Sherwood address; and (3) Owen's voter registration with the Sherwood address. As Owen asserts, however, his answer admitted only that he was a resident of Sherwood at the time of the accident in August 2015, not that he continued to be a resident when the complaint was filed. In addition, the address reflected on his voter registration was from 2014, when he was eighteen and lived with his mother. Owen further argues that the Whites did not present evidence of the accident report purportedly listing the Sherwood address, and in any event, this report also would have been from 2015, several years before the service attempt. Most significantly, Owen correctly notes that he had disclosed his current residential address to the Whites in his discovery response in September 2018, nearly five months before the attempted service at his mother's home. He also presented proof that his paycheck stubs and a utility bill were mailed to this address. Given the lack of evidence that Owen has resided at the Sherwood address since 2017, the circuit court did not err by concluding that service of the summons and complaint on him at that address was insufficient.

9

The Whites next argue that, even if they did not strictly comply with the substituted service requirements in Rule 4(f)(1)(B), the substantial-compliance standard in Rule 4(k) applied, and the circuit court's dismissal should be reversed for this reason. We conclude that this issue is not preserved for our review. The Whites first raised their Rule 4(k) argument in their Ark. R. Civ. P. 60 motion that was filed on August 9, 2019, more than ten days after entry of the dismissal order. Although the circuit court did not rule on the motion, the Whites contend that it was effectively deemed denied after ninety days. However, Rule 60 does not contain a deemed-denied provision, and Ark. R. App. P.—Civ. 4(b)(1), which states that certain posttrial motions are deemed denied after thirty days, does not apply because the Whites' motion was filed more than ten days after entry of the dismissal order. *Murchison v. Safeco Ins. Co. of Ill.*, 367 Ark. 166, 238 S.W.3d 11 (2006); *Brinkley School Dist. v. Terminix Int'l Co., L.P.*, 2019 Ark. App. 445, 586 S.W.3d 694. Furthermore, the Whites did not amend their notice of appeal to include any such deemed denial of their motion. Accordingly, their failure to obtain a ruling on their substantial-compliance argument bars consideration of this issue. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116.

As their final, alternative argument, the Whites contend that even if the service of process was defective, the circuit court erred by not dismissing their complaint without prejudice. They claim that their timely attempted service commenced the suit for purposes of the savings statute, which then tolled the statute of limitations and provided them one year to refile their suit. We agree.

The savings statute, Arkansas Code Annotated section 16-56-126 (Repl. 2005), provides that if an action is commenced within the applicable statute of limitations, and "the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed." An action is commenced under Ark. R. Civ. P. 3 by the filing of a complaint with the clerk of the proper court, and the tolling of a statute of limitations is based on the date the complaint was filed. *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993). We have held, however, that the commencement date is subject to the plaintiff's completing, or at least attempting to complete, service within 120 days from the date of filing of the complaint, unless the time for service has been extended under Ark. R. Civ. P. 4(i). *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007); *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 226 S.W.3d 757 (2006); *Lyons*, *supra*. We have applied the savings statute to cases in which service was attempted within the time allowed by Rule 4, but the case was later dismissed because service was found to be defective. *See, e.g.*, *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260 (holding that savings statute applied where service was completed timely, but the summons was defective); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (same); *Lyons*, *supra* (affirming application of savings statute where case was dismissed based on improper service); *Cole v. First Nat'l Bank of Fort Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990) (reversing grant of default judgment due to improper service but holding that dismissal should be without prejudice because of savings statute).

Owen asserts, as he did below, that the savings statute does not apply to the Whites' action because he had disclosed his correct address prior to their attempted service on him. He contends that there is a "good faith element" for a plaintiff to obtain the benefit of the savings statute. We disagree that our prior cases have imposed such a requirement. Owen points to language in *Linder v. Howard*, 296 Ark. 414, 418, 757 S.W.2d 549, 551 (1988), as well as in other cases, that the purpose of the savings statute is "to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect." However, the procedural defect at issue in *Linder* was the initial filing of the case in the wrong court, and it is apparent that the reference to "good faith" was in regard to the filing of the suit itself, not to an attempt at service of process. *Id.* Owen's citation to an "implicit" good-faith requirement in *Eliansik v. Y & S Pine Bluff, LLC*, 2018 Ark. App. 138, 546 S.W.3d 497, is also unpersuasive. Not only is this court not bound by court of appeals opinions, *Independence Cnty. v. City of Clarksville*, 2012 Ark. 17, 386 S.W.3d 395, there was also evidence in *Eliansik* that the plaintiff had personal knowledge that the registered address of the defendant's agent was incorrect. No such evidence of bad faith or of a conscious disregard of knowledge of Owen's correct address was presented in this case.

We have rejected the argument that before a savings statute may be invoked, the summons and complaint must be properly served on the defendant. *Lyons*, *supra*. As we stated in *Lyons*,

> Arkansas's rules pertaining to commencement of an action require only that the plaintiff complete service upon the defendant within 120 days from the filing of the complaint. If the plaintiff fails to complete service during that period, he or she may still request that the time be extended to complete

12

service in order to protect the plaintiff against the running of a statute of limitations if that extension is requested within the 120 day period. In sum, to toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the benefit of the saving statute. Our interpretation of § 16-56-126 meets with the liberal and equitable construction which must be given it in order to give litigants a reasonable time to renew their cause of action when they are compelled to abandon it as a result of their own act or the court's. *See Cole*, 304 Ark. at 30, 800 S.W.2d at 415. Such construction is also consistent with this court's rules which are designed to compel litigants to file their actions and either promptly initiate service on the responding parties or give the trial court some reason for needing additional time to complete service.

*Id*. at 177, 866 S.W.2d at 374. Because the Whites' complaint was commenced within the applicable statute-of-limitations period and they attempted service on Owen within the time provided under Rule 4(i), the circuit court erred in finding that the savings statute did not apply. Accordingly, we affirm the circuit court's dismissal but direct that it be without prejudice.

Affirmed as modified; court of appeals' opinion vacated.

*Rainwater, Holt & Sexton, P.A.*, by: *Jake M. Logan*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellants.

*Anderson Murphy & Hopkins*, by: *Jason J. Campbell*, for appellees.