Cite as 2021 Ark. App. 481

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-652

|  |  |
|---|---|
| | **Opinion Delivered** December 8, 2021 |
| SUZANNE HARDEN AND DANIEL HARDEN<br><br>APPELLANTS<br><br>V.<br><br>HEATHER BECK<br>APPELLEE | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCV-18-175]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS |

**BRANDON J. HARRISON, Chief Judge**

Suzanne and Daniel Harden appeal the Franklin County Circuit Court's order that dismissed with prejudice their complaint against Heather Beck. The Hardens argue that (1) the circuit court erred in dismissing the complaint because Beck's testimony was not credible and (2) the complaint should have been dismissed without prejudice. We affirm the circuit court's dismissal but reverse the "with prejudice" designation and remand with directions that the dismissal be entered without prejudice.

On 30 June 2016, the Hardens were injured in a car accident when their vehicle was hit from behind by Beck's vehicle. On 22 October 2018, the Hardens filed a complaint alleging that Beck had breached her duty of care to maintain control of her vehicle and caused personal injury and property damage. Susan Siemer, a private process server,

indicated on the proof of service that she had "left the summons and complaint at the individual's dwelling house or usual place of abode at 51 Tate Levins Rd., Sylacauga, AL 35150 with Paige Whitfield, a person at least 14 years of age who resides there, on January 2, 2019 at 8:05 pm." After no answer was filed by Beck within thirty days after service, the Hardens moved for default judgment.

On 3 July 2019, Beck responded to the motion for default judgment and asserted as follows:

> 1. Defendant's counsel can ascertain, from the Court's file, that Plaintiffs filed their Complaint on or about October 22, 2019, and subsequently filed an Affidavit of Service on March 6, 2019, Defendant, however, was not served with Plaintiff's Complaint. Although an individual named Susan Siemer, who resides in Colorado Springs, Colorado, averred that she physically left the Summons and Complaint in Sylacauga, Alabama at 51 Tate Levins Road, Plaintiffs' service was not properly perfected.
>
> 2. Furthermore, Plaintiffs did not perfect service of process within one hundred and twenty (120) days of filing the Complaint and issuance of the Summons, and thus, Plaintiffs are not entitled to a default judgment against Defendant.
>
> 3. Additionally, Arkansas' three (3) year statute of limitations for negligence expired on June 30, 2019, without proper service of Plaintiffs' Complaint, and thus, Plaintiffs' claims are barred by the statute of limitations. Ark Code Ann. § 16–56–104.

Out of an abundance of caution, Beck also filed an answer to the complaint.

The Hardens replied and argued that the deadline for serving their complaint had been 19 February 2019 and that Beck had been properly served on 3 January 2019.[1] Beck's

---

[1]This January 3 date appears several times in the record but appears to be a scrivener's error.

address had been identified as 51 Tate Levins Road, Sylacauga, Alabama, and the process server left the complaint and summons with Paige Whitfield, an individual over the age of fourteen at the residence of 51 Tate Levins Road, Sylacauga, Alabama, who identified herself as Beck's coresident. Rule 5 of the Arkansas Rules of Civil Procedure provides that service can be made upon a party by "leaving it at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age." The Hardens also noted that Beck had been served with their motion for default judgment via certified restricted mail at 51 Tate Levins Road, Sylacauga, Alabama, as evidenced by a return certificate signed by Beck on 20 May 2019. Attached to the reply was the proof of service and an affidavit of due diligence sworn by Heather McBroom of Precision Legal Services. In that affidavit, McBroom stated that in December 2018, she had identified two possible addresses for Beck—2690 Old Birmingham Hwy, #D, Sylacauga, AL, and 51 Tate Levins Rd., Sylacauga, AL. McBroom explained,

> 6. On January 3, 2019 I received an email from Bill Caputo that his process server, Susan Siemer, had served co-resident Paige Whitfield on 1/2/219 [sic] at the 51 Tate Levins Road address. He provided a description. but no relation to the defendant. I responded back to him to inquire if [text cuts off here][.]
>
> 7. The affidavit Bill Caputo provided did not specify the relationship to the defendant, however, service was affected per Colorado Rule 4.

The circuit court convened a hearing on the default-judgment motion on 9 July 2020. Beck testified that she currently lives at 690 Marble City Heights Circle in Sylacauga, Alabama, and that she has lived there for over a year. She said she moved out of the

3

residence at 51 Tate Levins Road in April 2018, and in October 2018, she was living with a friend at 670 Marble City Heights Circle. Beck acknowledged that she had been in a relationship with Paige Whitfield and that in January 2019, she and Paige lived at 47 Tate Levins Road. She stated that the addresses on Tate Levins Road are around the corner from each other in a trailer park.

Beck did not remember receiving any paperwork from Paige and said that Paige had not received any documents for her while living at 47 Tate Levins Road. When shown the return receipt from May 2019 and asked if she recognized her signature, Beck said, "I would say the first one is mine but the last name—the last name does say Beck but it doesn't look like mine." She explained that she had signed for something at the post office and "[t]hat might have something to do with it," but she said that the signature on the return receipt was "not really" her signature. She agreed that the mail she signed for was addressed to 51 Tate Levins Road. However, she denied that she was receiving mail at that address. Instead, she said, "I was receiving it at 47 [Tate Levins Road]. Someone had given me a big pamphlet that was next door and I didn't know nothing about it. I didn't know what it was but they were next door and so I just went to the post office."

On cross-examination, Beck clarified that she had lived at 51 Tate Levins Road but moved out in April 2018, that she then lived at 670 Marble Heights, and that in December 2018 she and Whitfield moved into 47 Tate Levins Road, where she lived "for a long time." Her attorney introduced a lease agreement dated 10 December 2018 showing that Beck and Whitfield had agreed to rent 47 Tate Levins Road at a rate of $475 a month. Counsel also

4

introduced three payment receipts that reflected rent payments in March 2018, April 2018, and January 2019; however, the Hardens' attorney objected because the receipts did not identify any specific property or address and had not been authenticated. The court overruled the objection and allowed the receipts.

Paige Whitfield testified that she and Beck had been living together at 47 Tate Levins Road in January 2019. Whitfield did not recall accepting a package from a process server or telling a process server that she was in a relationship with Beck. She said, "I was never handed any kind of documents. I never spoke to anybody."

From the bench, the circuit court stated,

> [T]he most confusing part of all this is the fact this is some sort of trailer court, you know? And you have your proof of service for [the motion for default judgment], you know, and I found that to be relevant. Well, okay, she signed but that's not for service on the 3rd of January I think is what we're dealing with.
>
> . . . .
>
> That's not for service on that date just to show that she lived at that particular residence and I think that's why you were offering that. Her testimony was that there was some sort of notice that she went down to the post office and picked up that writing. So that really got her residence—didn't get it beyond where you were to begin with. See, that's something the post office controlled. She had her name on something. I don't know if that's her signature but she testified it was, but was she living in 47 or 51 at the time? Just because of that, I'm going to make a finding service was not sufficient. I mean, this is going to cause a dismissal of the Complaint.

On 20 July 2020, the circuit court entered an order denying the motion for default judgment and dismissing the complaint with prejudice "[a]s the statute of limitations expired

without proper service of process." On August 3, the Hardens filed a motion to set aside the July 20 order or, in the alternative, a motion for reconsideration. Their motion argued:

9. The Plaintiff offered evidence during the hearing that service was arguably attempted on the Defendant via service upon Paige Whitefield, a co-resident of the Defendant on or about January 2, 2019 via process server Susan Siemer.

10. Although Ms. Whitfield denies she was served, the testimony is undisputed that she resided with Defendant at the listed address in 2018 and lived within one lot from the listed address on January 2, 2019, which corroborates with the process server's Affidavit of Service.

. . . .

13. Although it is in dispute that Paige Whitfield accepted service of the Complaint and Summons, the testimony supports that Ms. Whitfield and Ms. Beck resided together and previously resided at the address indicated on the Proof of Service. In addition, Ms. Beck admits she accepted certified restricted mail for 51 Lavin Tate [sic] which is the same address listed on the Proof of Service.

14. Furthermore, during the Defendant's testimony, the Court should take notice of the Defendant's demeanor and lack of credibility as she was unwilling to initially admit it was her signature and her name on the return certificate of service. This alone suggests the Defendant was not forthcoming regarding her notice of the Complaint.

The Hardens also asserted that if the complaint is dismissed, it should be without prejudice because the savings statute applied.

Beck responded that the testimony from both her and Paige Whitfield established that the two of them resided at 47 Tate Levins Road in January 2019 and that the Hardens failed to present any witness testimony or other evidence to contradict that testimony. Instead, they continue to argue that alleged service of process at 51 Tate Levins Road on January 2, 2019, was proper. Beck asserted that no law "allows for effective service of

process at an old residence," that service of process was not proper, and that the three-year statute-of-limitations period has run, which bars the Hardens' claim.

The circuit court denied the Hardens' motions without further explanation, and the Hardens have timely appealed.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). Historically, our supreme court has made it patently clear that a summons must comply exactly and not substantially with the requirements of Ark. R. Civ. P. 4(b). *Gatson v. Billings*, 2011 Ark. 125. However, on January 1, 2019, our supreme court adopted Rule 4(k) of the Arkansas Rules of Civil Procedure, which relaxed the traditional strict-compliance standard by reestablishing the substantial-compliance standard. *See In re Recommendations of the Comm. on Civ. Prac.*, 2018 Ark. 239 (per curiam). Rule 4(k) provides that "[a]ny error as to the sufficiency of the process or the sufficiency of service of process shall be disregarded if the court determines that the serving party substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer." We review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard, but when a complaint is dismissed on a question of law, we conduct a de novo review. *McMahan v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 590, 446 S.W.3d 640.

7

I. *Dismissal of Complaint*

The Hardens' argument on this point is primarily that the circuit court erred in giving any credibility to the testimony presented by Beck and Whitfield. The Hardens note that the return of service is prima facie evidence that service was made as stated. *See Valley v. Helena Nat'l Bank*, 99 Ark. App. 270, 259 S.W.3d 461 (2007). The burden then shifts to the party claiming that service was not valid to overcome the prima facie case created by proof of service. *Id*. In this case, they argue, Beck's testimony was "simply not believable," so she failed to overcome the prima facie case that service was made as described in the proof of service.

Beck argues in response that the circuit court is in the superior position to determine the credibility of witnesses and that the appellate court gives due deference to the circuit court on credibility determinations. This is especially true, she asserts, because the Hardens failed to put forth any evidence contradicting the testimony that Beck and Whitfield lived at 47 Tate Levins Road on 2 January 2019.

As stated above, we review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. *McMahan, supra*. However, whether service was had in this case is a question of fact, and the credibility of the evidence to rebut proof of service was a matter for the circuit court to decide. *Unknown Heirs of Warbington v. First Cmty. Bank*, 2011 Ark. 280, 383 S.W.3d 384. The Hardens disagree with the circuit court's credibility assessment, but that is not a basis for reversal. Here, the circuit court found that service was insufficient based on the testimony that Beck lived at 47 Tate Levins Road—

8

not 51 Tate Levins Road—at the time of service on 2 January 2019. We hold that the circuit court did not clearly err in making that determination.

Also under this point, the Hardens argue that the circuit court erred in admitting the payment receipts. They contend that "the receipts do not tell us anything about whether Ms. Beck received [mail] at 47 Tate Levins Road or 51 Tate Levins Road." They also assert that the receipts were not authenticated as required by Ark. R. Evid. 901.

We will not reverse a circuit court's ruling on admissibility of evidence absent a manifest abuse of discretion. *Barton v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 239, 576 S.W.3d 59. A mere showing that the circuit court erroneously admitted evidence will not support a reversal absent a showing of prejudice. *Id.* Without any showing of prejudice, any judicial error as to the admissibility of evidence is harmless error and cannot be grounds for disturbing a circuit court's order. *Id.* Here, by the Hardens' own admission, the evidence did not provide proof, one way or another, on the ultimate question of where Beck resided on 2 January 2019. Thus, even if the court's ruling was incorrect, the Hardens have shown no prejudice by the admission of the receipts.

## II. *Dismissal with Prejudice*

Rule 4(i)(1) of the Arkansas Rules of Civil Procedure provides, "If service of process is not made on a defendant within 120 days after the filing of the complaint . . . the action shall be dismissed as to that defendant without prejudice on motion or on the court's initiative." Ark. R. Civ. P. 4(i)(1) (2021). The Hardens argue that the circuit court erroneously dismissed their complaint with prejudice because the statute of limitations had

9

run. They assert that the savings statute applies and that the dismissal should have been without prejudice. The savings statute provides that "[i]f any action is commenced within the time respectively prescribed [by statute] . . . and the plaintiff therein suffers a nonsuit, . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed." Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005).

The Hardens contend that the action was "commenced" in this case and that our supreme court has explained that the savings statute applies if a timely, completed attempt at service is made but later held to be invalid. *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260 (holding that a suit was commenced within the statute of limitations when the complaint was timely filed, although timely served summonses were defective; thus, savings statute applied to permit suit within one year of dismissal). They also discuss several other Arkansas Supreme Court cases: *Jones v. Douglas*, 2016 Ark. 166, 489 S.W.3d 648 (holding that a timely, completed attempt to serve appellees afforded appellants the benefit of the savings statute); *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993) (holding that improper service within 120 days of filing of the first complaint was sufficient to invoke the saving statute and toll the statute of limitations); *Cole v. First Nat'l Bank of Ft. Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990) (holding that even though service had not been perfected, the savings statute applied).

The Hardens argue that based on the foregoing precedent, it is clear that if dismissal was appropriate, it should have been without prejudice. The return of service indicated that the process server "left the summons and complaint at the individual's dwelling house

10

or usual place of abode at 51 Tate Levins Rd., Sylacauga, AL 35150 with Paige Whitfield, a person at least 14 years of age who resides there, on January 2, 2019 at 8:05 pm." The Hardens contend, "At that point, the attempted service had been completed." Citing *Clouse v. Ngau Van Tu*, they conclude that

> [w]hen a plaintiff files his case during the limitations period, and serves it promptly but imperfectly under Rule 4, if the limitations period has expired then he deserves the grace period provided by our saving statute to refile his case and serve it properly. If the law were otherwise, the beneficent purpose of our saving statute would be thwarted.

101 Ark. App. 260, 266–67, 274 S.W.3d 344, 348 (2008) (internal citation omitted).

In response, Beck denies that the action was "commenced" because she was never served with process. She notes that caselaw provides that statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33. For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective) is completed within the 120-day period required by Rule 4(i). *Rettig, supra*. "The supreme court has never held that any attempt at service, whether completed or not, commences a case." *Clouse*, 101 Ark. App. at 265, 274 S.W.3d at 347. The cases fall in two lines: those in which no timely service was completed, and those in which timely service was completed but done imperfectly. *Id.* Only actions in the latter category receive the benefit of the savings statute.

Beck explains that the Hardens claim to have served Paige Whitfield at 51 Tate Levins Road on 2 January 2019, and that Whitfield and Beck both lived at that address at

11

the time, thus completing service. But the evidence and testimony presented established that Whitfield and Beck lived at 47 Tate Levins Road on 2 January 2019. Beck contends that there was no service of process because she did not live at the alleged place of service on the alleged date of service. She was not served; therefore, the case was not "commenced" for purposes of the savings statute. Beck concludes that "[a]lleged service of process on a non-party at an address at which the Defendant/Appellee did not reside is simply insufficient to complete service of process on a named defendant."

In reply, the Hardens reiterate that a "completed *attempt* to serve" standard represents the current state of the law, illustrated most recently by *White v. Owen*, 2021 Ark. 31, 617 S.W.3d 241. *White* presented a similar appeal to the case at bar in that appellants argued that the circuit court erred in dismissing their suit based on defective service of process, or alternatively, that the circuit court erred in dismissing the suit with prejudice when the savings statute applied. The *White* opinion explained the facts as follows:

> This case stems from a motor-vehicle accident that occurred on August 22, 2015. The Whites filed a complaint against Owen on July 9, 2018, alleging claims of negligence and requesting damages for personal injuries. Prior to being served with the complaint and summons, Owen filed an answer to the complaint on August 17, 2018, wherein he admitted that he was "at all times relevant" a resident of Sherwood, Arkansas. Owen also asserted all affirmative defenses, including insufficiency of process and service of process.
>
> . . . .
>
> Owen filed a motion to dismiss the complaint on February 28, 2019. He alleged that on February 15, 2019, a process server had attempted service at Owen's mother's home located at 1808 Windridge Court in Sherwood, Arkansas. Although his mother, Jennifer Armour, explained that Owen did not reside at that address, the process server requested that Armour sign for the documents. Owen included an affidavit from his mother to this effect, as

12

well as his affidavit attesting that he did not live at the residence, that he had not lived there since November 2017, and that he was not present when service was attempted. Instead, Owen averred that since September 2018, he has resided and received his mail at 3802 Kavanaugh Boulevard, Apartment 702, in Little Rock, Arkansas. He attached an electric bill and a paystub verifying his current residential address. Owen argued that he had not been properly or timely served and requested that the Whites' complaint be dismissed pursuant to Rules 4(i) and 12(b)(5) of the Arkansas Rules of Civil Procedure.

In their response, the Whites claimed that they had hired two different process servers, attempted service through certified letter and restricted delivery, and ran searches for Owen's current residence. The Whites asserted that they believed they had perfected service on Owen and that even if they had not, their complaint should not be dismissed due to a technicality after the service deadline had passed. Attached to their response was an affidavit from Jerome Mitchell, one of their process servers. Mitchell stated that Owen's voter registration had listed the Sherwood address, and the Whites included an exhibit confirming that this address is listed on Owen's voter registration, which is dated March 27, 2014. The Whites also claimed that the Sherwood address was listed on the collision report from the accident. Mitchell averred that when he served the documents at the Sherwood address, Armour voiced no objection, never indicated that Owen did not reside there, and accepted service, stating that she would give the documents to Owen. The Whites further argued that even if the service was deemed defective, any dismissal should be without prejudice, allowing them to refile their complaint pursuant to the savings statute.

Owen filed a reply claiming that he had disclosed his current address on September 25, 2018, in response to the Whites' first set of interrogatories and request for production of documents. The discovery response, which was attached as an exhibit, listed Owen's residence address as "3802 Kavanaugh Boulevard, Apt. 702, Little Rock, AR 72205." He asserted that process servers had been told by his mother on two separate occasions that he did not reside at her home in Sherwood and that the Whites had failed to perfect service under Ark. R. Civ. P. 4. He further argued that the Whites had failed to complete service to commence the action and that they were therefore not entitled to the benefit of the savings statute.

*Id.* at 1–3, 617 S.W.3d at 243–44. After a hearing, the circuit court dismissed the complaint

with prejudice.

13

On appeal, the supreme court affirmed the dismissal of the complaint but agreed with the Whites that the dismissal should have been without prejudice.

> An action is commenced under Ark. R. Civ. P. 3 by the filing of a complaint with the clerk of the proper court, and the tolling of a statute of limitations is based on the date the complaint was filed. *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993). We have held, however, that the commencement date is subject to the plaintiff's completing, or at least attempting to complete, service within 120 days from the date of filing of the complaint, unless the time for service has been extended under Ark. R. Civ. P. 4(i). *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007); *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 226 S.W.3d 757 (2006); *Lyons, supra*. We have applied the savings statute to cases in which service was attempted within the time allowed by Rule 4, but the case was later dismissed because service was found to be defective. *See, e.g., Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260 (holding that savings statute applied where service was completed timely, but the summons was defective); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (same); *Lyons, supra* (affirming application of savings statute where case was dismissed based on improper service); *Cole v. First Nat'l Bank of Fort Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990) (reversing grant of default judgment due to improper service but holding that dismissal should be without prejudice because of savings statute).
>
> . . . .
>
> We have rejected the argument that before a savings statute may be invoked, the summons and complaint must be properly served on the defendant. *Lyons, supra*. . . . Because the Whites' complaint was commenced within the applicable statute-of-limitations period and they attempted service on Owen within the time provided under Rule 4(i), the circuit court erred in finding that the savings statute did not apply. Accordingly, we affirm the circuit court's dismissal but direct that it be without prejudice.

*White*, 2021 Ark. 31, at 11–14, 617 S.W.3d at 248–49.

We agree with the Hardens that the current state of the law requires only a "completed attempt to serve." In this case, service was attempted and even completed on someone (who may or may not have been Whitfield) at 51 Tate Levins Road. This is

14

sufficient to constitute an attempt under the caselaw. We hold that because the Hardens' complaint was commenced within the applicable statute-of-limitations period, and they attempted service on Beck within the time provided under Rule 4(i), the circuit court erred in finding that the savings statute did not apply. Therefore, we affirm the circuit court's dismissal, reverse the "with prejudice" designation, and remand with instructions that the dismissal be entered without prejudice.

Affirmed in part; reversed in part; remanded with instructions.

HIXSON and MURPHY, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellants.

*Wales Comstock*, by: *John Walker Williams*; and *Mayer LLP*, by: *J. Barrett Deacon*, for appellee.